## CIRCUIT COURT OF THE CITY OF WINCHESTER

Mathias

v.

Sanders

December 15, 1988

Case No. 88-L-23

By JUDGE PERRY W. SARVER

I have read the cases submitted by Mr. William J. Olson in support of his argument opposing the defendant's demurrer filed herein. Count II, only, is in issue at this stage in ruling on the demurrer.

The court is of the opinion that defendant's demurrer as to Count II should be sustained with respect to paragraphs 14, 15, 16 and 17. However, plaintiff will be given leave to file an amended motion for judgment alleging two tort claims, i.e., (1) the action for medical malpractice as pled in the present Count I and, (2) an action based upon falsification, alteration, or changing plaintiff's medical records by defendant and his agent, or servant, subject to the requirement that plaintiff must also plead that such was done by the agent or servant pursuant to defendant's authorization or direction, or, when discovered by him, he ratified and approved such action. *See* 5C M.J. *Damages*, §§ 71, 72, and cases cited therein.

While there are no Virginia cases to support a tort action for falsification of records, the court recognizes that several other jurisdictions have allowed such actions.

This court is persuaded by *Henry v. Deen*, 310 N.C. 75, 310 S.E.2d 326 (1984), in which health care providers, and an employee of one of the providers, conspired to destroy, alter or create false documents to subvert an adverse party's investigation and right to seek a legal

remedy. There the court held that in such instances a claim for resulting increased cost of the investigation will lie. This court adopts the North Carolina court's position and holds that plaintiff may plead injuries caused by reason of such actions by defendant and his employee resulting in increased investigative costs. *See Henry* at pages 334 and 335. The injuries recoverable under such count would be totally unrelated to those amounts recoverable under Count I and would relate only to those injuries alleged by plaintiff in paragraph 15 of her present Count II set forth in the pending motion for judgment. The North Carolina court also relied upon the State's policy against parties deliberately frustrating and causing undue expense to adverse parties gathering information about their claims, citing a North Carolina rule which sets out the consequences for such action. *Henry* at 334-335. Virginia also provides for sanctions against a party who unreasonably fails to respond to discovery requests, Rule 4:12. This court likewise interprets this as a statement against attempts to subvert a party's investigation of his right to seek a legal remedy.

The court makes no ruling as to the claim for punitive damages except to say in re-pleading her case any claim for punitive damages must relate directly to the underlying claim for compensatory damages. That is, plaintiff must not claim punitive damages for medical malpractice (Count I) based upon allegations of falsifying, etc., the records by defendant or his employee (Count II).